IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| VERNON R. JOHNSON, | ) | 8:17CV458 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| DOUGLAS COUNTY DEPARTMENT OF | ) | |
| CORRECTIONS, CORRECT CARE | ) | |
| SOLUTIONS, and DOCTOR ASH, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, Vernon Johnson, filed his Complaint (Filing No. 1) on November 30, 2017, and was subsequently granted leave to proceed in forma pauperis (Filing No. 7). The court now conducts an initial review of Johnson's Complaint and to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. SUMMARY OF COMPLAINT

Johnson is confined at the Douglas County Corrections Center ("DCCC"). Johnson alleges a request for medication he submitted on September 23, 2017, was denied. He claims Defendants were negligent in failing to provide medical care.

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief

may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also* *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III.  DISCUSSION OF CLAIMS

Johnson alleges his Complaint is filed pursuant to the Nebraska Political Subdivisions Tort Claims Act ("PSTCA"), Neb. Rev. Stat. §§ 13-901 to 13-928.[1] No claim arising under federal law is alleged.

Federal court diversity jurisdiction of state law claims requires an amount in controversy greater than $75,000 and complete diversity of citizenship between the litigants. 28 U.S.C. § 1332(a). The allegations of Johnson's Complaint fail to show that either jurisdictional requirement is satisfied here.

---

[1] The Complaint erroneously references "§ 13-1905 et seq."

"In this circuit, the amount in controversy is measured by the value to the plaintiff of the right sought to be enforced." *Federated Mut. Ins. Co. v. Moody Station & Grocery*, 821 F.3d 973, 977 (8th Cir. 2016) (quoting *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 821 (8th Cir. 2011)). Johnson does not allege the jurisdictional amount is satisfied, or even request an award of monetary damages, but merely complains he did not receive adequate medical treatment for relief of "pain, numbness and locking of joints in both hands" associated with carpal tunnel syndrome.

Johnson does not allege his citizenship. Although Douglas County Department of Corrections is not a proper Defendant, *see Dan v. Douglas Cty. Dep't of Corr.*, No. 8:06CV714, 2009 WL 483837, at *4 (D. Neb. Feb. 25, 2009) (the Department of Corrections and other units within the DCCC and Douglas County lack the legal capacity to sue or be sued in their own names), the county is a political subdivision of the State of Nebraska. Thus, if Douglas County is named as a Defendant, and if Johnson is a citizen of Nebraska, diversity jurisdiction does not exist and an action under Nebraska's PSTCA cannot be brought in federal court. The same is true if either Correct Care Solutions or Doctor Ash are citizens of the same State as Johnson.

## IV. CONCLUSION

Johnson's Complaint fails to show that the court has subject matter jurisdiction over the claim alleged. On the court's own motion, however, Johnson will be given 30 days in which to file an Amended Complaint to correct this pleading defect.

IT IS ORDERED:

1. On the court's own motion, the court will give Plaintiff 30 days in which to file an Amended Complaint that alleges sufficient facts to show that the court has subject matter jurisdiction over the claim alleged. Failure to file an Amended Complaint within 30 days will result in the court dismissing the case without further notice to Plaintiff.

2. The clerk of the court is directed to set the following pro se case management deadline: February 9, 2018: check for amended complaint.

DATED this 10th day of January, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge