```
IN THE UNITED STATES DISTRICT COURT
     FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| VERNON R. JOHNSON, | ) | 8:17CV458 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| DOUGLAS COUNTY DEPARTMENT OF CORRECTIONS, at al, CORRECT CARE SOLUTIONS, and DOCTOR ASH, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Vernon Johnson, is a prisoner at the Douglas County Corrections Center ("DCCC"). In a pro se Complaint filed on November 30, 2017 (Filing No. 1), Johnson alleges Defendants were negligent in failing to provide him medical care, and he seeks relief under the Nebraska Political Subdivisions Tort Claim Act.

In a Memorandum and Order entered on January 10, 2018 (Filing No. 8), the court found on initial review that Johnson's Complaint fails to show the court has subject matter jurisdiction over this state-law negligence claim because the amount in controversy does not appear to exceed $75,000 and diversity of citizenship may be lacking. On the court's own motion, Johnson was given 30 days in which to file an amended complaint.

The matter is now before the court on Johnson's "Motion for Counsel and Motion for Order for Injunction to Use Law Library as Pro Se Litigant," which was filed on January 26, 2018 (Filing No. 9). The Motion will be denied in all respects, without prejudice.

### I. Appointment of Counsel

The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel." Trial courts have "broad discretion to decide whether both the plaintiff and the court will benefit from

the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Id*. Having considered these factors, the "Motion for Counsel" will be denied.

## II. Access to Law Library

Paperwork attached to Johnson's Motion indicates he is entitled to spend one hour per week in the law library. His requests for additional time, which were submitted prior to the court's January 10, 2018 Memorandum and Order, were denied.

Liberally construing the Motion, it is claimed that limited library time is interfering with Johnson's access to the courts. To prove a violation of the right of meaningful access to the courts, Johnson must establish that DCCC did not provide him with an opportunity to litigate his claim in "a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) (citation omitted). "To prove actual injury, [a prisoner] must 'demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded.'" *Id.* (quoting *Lewis v. Casey*, 518 U.S. 343, 353 (1996)).

Here, Johnson has not had a problem communicating with this court, nor has he shown that his current library time is insufficient to present his legal claims. The court has advised Johnson that his negligence claim cannot proceed here unless he is able to allege certain jurisdictional facts. Accordingly, the "Motion for Order for Injunction to Use Law Library as Pro Se Litigant" will be denied.

IT IS ORDERED that Plaintiff's "Motion for Counsel and Motion for Order for Injunction to Use Law Library as Pro Se Litigant" (Filing No. 9) is denied in all respects, without prejudice.

DATED this 30th day of January, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge