IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| VERNON R. JOHNSON, | ) | 8:17CV458 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| DOUGLAS COUNTY DEPARTMENT OF CORRECTIONS; MARK FOXALL, Director; and DOCTOR ASH, Director Medical Staff, | ) | |
| Defendants. | ) | |

Plaintiff, Vernon Johnson, is a prisoner at the Douglas County Corrections Center ("DCCC"). Johnson alleged in a pro se Complaint filed on November 30, 2017, that the Douglas County Department of Corrections, Correct Care Solutions, and Dr. Ash had been negligent in failing to provide him adequate medical care; he sought unspecified relief under the Nebraska Political Subdivisions Tort Claim Act. (Filing No. 1.)

In a Memorandum and Order entered on January 10, 2018, the court found on initial review that Johnson's Complaint failed to show the court has subject matter jurisdiction over a state-law negligence claim because the amount in controversy would not appear to exceed $75,000 and diversity of citizenship might be lacking. On the court's own motion, Johnson was given 30 days in which to file an amended complaint. (Filing No. 8.)

Johnson's Amended Complaint was filed on February 12, 2018. Johnson now claims that the Douglas County Department of Corrections, Mark Foxall (Director), and Dr. Ash (Director Medical Staff) have violated his constitutional rights and federal statutes. A state-law negligence claim is no longer alleged. (Filing No. 11.)

# I.  STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.* at 849.

## II. DISCUSSION

As an initial matter, the court again points out to Johnson that the Douglas County Department of Corrections is not a proper defendant. *See Dan v. Douglas Cty. Dep't of Corr.*, No. 8:06CV714, 2009 WL 483837, at *4 (D. Neb. Feb. 25, 2009) (the Department of Corrections and other units within the DCCC and Douglas County lack the legal capacity to sue or be sued in their own names). The Department therefore will be dismissed as a party.

Claims are brought against Foxall and Ash in their individual and official capacities. (Filing No. 11 at CM/ECF p. 1, ¶ 1) "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010).

Johnson alleges that Defendants "violated his U.S. Constitutional rights to receive adequate medical [care] and [to] be free from arbitrary and capricious actions, in not giving proper medical treatment and showing indifference to inmates confined in the correctional institution" and were "negligent in their lack [sic] to seek alternative medical treatment." (Filing No. 11 at CM/ECF p. 2, ¶ 4 (internal quotation marks and underlined omitted).) He further alleges that Defendants "have shown cruel and unusual punishment; inadequate levels of health care, and denial of access by a disabled inmate, which violate Plaintiff's constitutional rights to a community standard of health care and violate federal statutes governing care for inmates with disabilities." (Filing No. 11 at CM/ECF p. 2, ¶ 5.)

These allegations are simply conclusions of law, unsupported by any factual allegations, and are insufficient to state a claim upon which relief can be granted. *See Mick v. Raines*, __ F.3d __, No. 17-1644, 2018 WL 1147124, at *2 (8th Cir. Mar. 5, 2018) ("'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are not sufficient to survive a motion to dismiss.'") (quoting *Iqbal*, 556 U.S. at 678). The Amended Complaint is therefore subject to dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A.

Under our local rules, the court has discretionary authority to treat an amended pro se pleading "as supplemental to, rather than as superseding, the original pleading, unless the pleading states that it supersedes the prior pleading." NECivR 15.1(b). In this case, the court declines to treat the Amended Complaint as a supplemental pleading because Johnson has elected to change the nature of his action by dropping his state-law negligence claim in favor of a federal constitutional or statutory claim.

-3-

But even if the court were to consider the original Complaint in conjunction with the Amended Complaint, no actionable claim for relief is stated.

The original Complaint is lacking in factual allegations. Essentially, Johnson alleges that "on September 23, 2017, [he] filed an Inmate Request Form to see medical within DCCC, . . . complain[ing] of severe pain, numbness and locking of joints in both hands," and that he "requested medication . . . [which] was denied." (Filing No. 1 at CM/ECF p. 2, ¶ 4.) However, three documents are attached to the Complaint which shed some light on Johnson's claimed injury:

- First, there is a "step one" grievance dated October 3, 2017, in which Johnson states he requested Gabapentin for his carpal tunnel syndrome and was told he could not receive any; he instead was given Tylenol for 3 days. The case officer's response is illegible. (Filing No. 1 at CM/ECF p. 5.)

- The second attachment is a "step two" grievance dated October 24, 2017, in which Johnson continues to complain about not receiving proper treatment for his carpal tunnel syndrome, including Gabapentin, which had been prescribed by his orthopedic surgeon. (Filing No. 1 at CM/ECF pp. 6-7.)

- Finally, there is a reply dated November 16, 2017, from Captain Mary Early, who determined Johnson's grievance was "unfounded" because "[m]edical decisions are made by the provider, are appropriate and are well documented as to access, examination and treatment." (Filing No. 1 at CM/ECF p. 4.)

A convicted prisoner's conditions of confinement are subject to scrutiny under the Eighth Amendment, while a pretrial detainee's challenge to such conditions is analyzed under the Fourteenth Amendment's due process clause. Johnson's pleadings do not show his confinement status. "This makes little difference as a practical matter, though: Pretrial detainees are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment." *Davis v.*

*Oregon County*, 607 F.3d 543, 548 (8th Cir. 2010) (internal quotation and citation omitted).

"To prevail on an Eighth Amendment claim for deprivation of medical care, an inmate must show that the prison official was deliberately indifferent to the inmate's serious medical needs. This requires a two-part showing that (1) the inmate suffered from an objectively serious medical need, and (2) the prison official knew of the need yet deliberately disregarded it." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (internal quotations and citations omitted). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Id.* (internal quotation and citation omitted).

"Deliberate indifference is equivalent to criminal-law recklessness, which is more blameworthy than negligence, yet less blameworthy than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate. An obvious risk of harm justifies an inference that a prison official subjectively disregarded a substantial risk of serious harm to the inmate. Deliberate indifference must be measured by the official's knowledge at the time in question, not by hindsight's perfect vision." *Id.* at 914-15 (internal quotations and citations omitted).

Liberally construing Johnson's amended complaint, he is asserting either an Eighth or Fourteenth Amendment claim against Mark Foxall and Dr. Ash in their individual and official capacities. Such a claim can be brought in federal court under 42 U.S.C. § 1983, which provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.[1]

---

[1] Section 803(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available

To maintain a § 1983 action, a plaintiff must show that the alleged deprivation was caused by the conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Even assuming that Foxall and Ash act under color of state law while performing their assigned duties at DCCC, Johnson has not alleged any facts to show that they were personally involved in the alleged deprivation of his constitutional rights. Merely identifying these Defendants by the titles of "Director" and "Director Medical Staff" is not sufficient for pleading purposes. "[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995). No relief can be granted upon the individual-capacity claims as currently alleged.

Even more is required with respect to official-capacity claims bought against these Defendants, "for a governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation; thus, in an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (internal quotations and citations omitted). An official policy involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir. 1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). And to establish the existence of a governmental custom, a plaintiff must prove:

---

are exhausted." 42 U.S.C.A. § 1997e(a). To satisfy the exhaustion requirement, a grievance must alert prison officials to the claims the plaintiff has included in the complaint, but need only provide the level of detail required by the grievance system itself. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007). The purpose of the exhaustion requirement is to give officials "time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002).

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646. Johnson has not alleged any facts to show that a county policy or custom played a part in the alleged deprivation of his rights.

Johnson does not specify which federal statutes Defendants allegedly violated, but implies that he is a "disabled inmate." (Filing No. 11 at CM/ECF p. 2, ¶ 5.) Even if there were facts alleged to support a finding of disability, a claim for negligent medical treatment for a prisoner's disability is not actionable under the Americans with Disabilities Act or Rehabilitation Act. *Moore v. Kohl*, No. 4:04CV3174, 2005 WL 2002084, at *1-2 (D. Neb. Aug. 16, 2005); *see Burger v. Bloomberg*, 418 F.3d 882 (8th Cir. 2005) (alleged inadequate treatment of prisoner's diabetes could not be basis for claim under ADA or Rehabilitation Act).

### III. CONCLUSION

Johnson's Amended Complaint fails to state a claim upon which relief can be granted and is therefore subject to dismissal under 28 U.S.C. §§ 1915(e) and 1915A. Out of an abundance of caution, however, the court will give Johnson one more opportunity to allege sufficient facts to state an actionable claim for relief. If Johnson does file a second amended complaint, it will supersede, rather than supplement, his previous pleadings. That is to say, the second amended complaint must "stand on its own," without any need for the court to reference previous filings.

IT IS THEREFORE ORDERED:

1. Douglas County Department of Corrections is dismissed as a party Defendant.

2. Plaintiff has 30 days in which to file a second amended complaint that states a claim upon which for relief can be granted against the other named Defendants.

3. The clerk of the court is directed to set a pro se case management deadline in this case: April 18, 2018: check for second amended complaint.

Dated this 19th day of March, 2018.

                        BY THE COURT:

                        s/ *Richard G. Kopf*
                        Senior United States District Judge